Filed 6/1/21  P. v. Jones CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B304877 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA468604) |
| v. | |
| KEVIN JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed in part, modified, and remanded with directions.

Melissa J. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In an information filed by the Los Angeles County District Attorney's Office, defendant and appellant Kevin Jones was charged with one count of felony carrying a concealed firearm (Pen. Code, § 25400, subd. (a)(2); count 1)[1] and one count of misdemeanor carrying a concealed firearm (§ 25400, subd. (c)(7); count 2). Defendant pled no contest to both counts.

Pursuant to a plea agreement, defendant's sentencing was stayed 18 months with the understanding that if he obeyed all laws and completed 400 hours of community service, the felony count would be withdrawn. When, 18 months later, defendant was unable to prove that he had completed the community service requirement, the trial court placed him on probation for three years and ordered him to serve 17 days in county jail, credit for time served, and to perform 400 hours of community service.[2]

Defendant timely appealed. After reviewing the record, defendant's appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, in which no arguable issues were raised. On December 4, 2020, we informed defendant that he had 30 days within which to personally submit any grounds for appeal, contentions, or arguments for us to consider. We received no response.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The trial court left open the possibility that if defendant completed his community service and obeyed all laws for 18 months, he could seek a reduction of his felony charge to a misdemeanor.

Our independent examination of the appellate record revealed an arguable issue regarding whether defendant was entitled to a reduction of his probation term pursuant to recently enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (AB 1950). We requested, and received, briefing from the parties addressing this issue. Defendant argues that, under AB 1950, his three-year probation term must be reduced to two years. The People do not contest the applicability of AB 1950 to this case.[3]

We conclude that defendant is entitled to a reduction of his term of probation from three years to two years. We modify the judgment and remand. We otherwise affirm.

## DISCUSSION

At the time of defendant's sentencing, "the trial court had discretion to order probation 'for a period of time not exceeding the maximum possible term of the sentence' or, where the maximum possible term was five years or less, for a maximum of five years. (Former § 1203.1, subd. (a).)" (*People v. Stewart* (2021) 62 Cal.App.5th 1065, 1070 (*Stewart*).) During the pendency of this appeal, AB 1950 became effective on January 1, 2021, and amended section 1203.1, subdivision (a), to limit felony probation to a maximum term of two years with exceptions not applicable here. (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a) & (m); *Stewart*, at p. 1070.)

---

[3] The People ask us to remand for the trial court to terminate probation consistent with AB 1950.

3

As an ameliorative law with no express savings clause, we presume that the Legislature intended AB 1950 to apply retroactively to nonfinal convictions like defendant's. (*People v. Quinn* (2021) 59 Cal.App.5th 874, 879–885 (*Quinn*); *People v. Sims* (2021) 59 Cal.App.5th 943, 947, 964 (*Sims*); *Stewart, supra,* 82 Cal.App.5th at p. 1073; see *In re Estrada* (1965) 63 Cal.2d 740, 744–747.) Accordingly, the maximum term of defendant's probation as to count 1 is now two years. (*Quinn, supra,* at p. 885; *Stewart, supra,* at p. 1079.)

We remand the matter to the trial court to correct the minute order governing the length and terms of probation to reflect a two-year term of formal probation. Should either the People or defendant wish to make further motions regarding the length or terms of probation, each may file the appropriate motion(s) with the trial court.

**DISPOSITION**

The term of probation imposed as to count 1 is reduced from three years to two years. The matter is remanded and the trial court is directed to correct the minute order to reflect the imposition of a two-year term of formal probation, and to notify the Los Angeles County Department of Probation of the change to defendant's probationary term. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.
CHAVEZ

_____, J.
HOFFSTADT

5